Per Curiam.

While on a week’s holiday in Vienna, defendant and his companion purchased an antique porcelain figure from plaintiff dealer, but subsequently refused to honor payment on the ground that plaintiff had misrepresented the article’s age and value. Two years later, defendant was served in New York with process (in German) issued out of the Austrian Superior Court, based upon that Nation’s counterpart to New York’s "long-arm” statute (CPLR 302). Upon defendant’s default, plaintiff instituted this action pursuant to CPLR article 53 to enforce the foreign judgment.
We agree with Special Term’s conclusion that the judgment should not be enforceable in New York for lack of jurisdiction over the defendant. Analysis of the legislative history of *1011 article 53 makes clear that it was not within the intendment of that statute to adopt the broad definition of "transacting any business” applicable under CPLR 302 as the criterion for extending recognition to foreign country judgments themselves bottomed upon correspondingly liberal bases of jurisdiction (CPLR 5305, subd [a], par 5; Thirteenth Annual Report of NY Judicial Conference, 1968, p 223; 6 Weinstein-Korn-Miller, NY Civ Prac, par 5305.02). While we are cognizant of the desirability of affording recognition to foreign country judgments so that judgments obtained in our own courts will receive reciprocally favorable treatment abroad, the nature of defendant’s solitary act in this case was so casual and incidental to the foreign forum that it could not possibly serve as a jurisdictional predicate sufficient to grant conclusive effect to the default judgment sued upon (CPLR 5304, subd [a], par 5; see Falcon Mfg. v Ames; 53 Mise 2d 332).
Order, entered October 16, 1975 affirmed, with $10 costs.
Concur: Dudley, J. P., Tierney and Riccobono, JJ.